**IN THE UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF KANSAS**

MARTIN J. WALSH,             )
SECRETARY OF LABOR,      )
U.S. DEPARTMENT OF LABOR,  )
                                )
               Petitioner,  )
                                )
             v.              )        Case No.4:22-mc-9006
                                )
AKSHAY HOTELS LLC,       )
                                )
             Respondent.  )

## <u>DECLARATION OF ERICA SIMON</u>

1.      I, Erica Simon, am now, and at all times material hereto have been, a Wage and Hour Investigator for the Springfield Field Office of the Wage and Hour Division ("Wage and Hour"), United States Department of Labor, under the supervision of Ricky Robinson, Assistant District Director for the for the Kansas City District Office.

2.      As a Wage and Hour Investigator for Wage and Hour, I investigate places of employment and gather facts concerning whether employers are in compliance with the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 201 et seq. ("FLSA"). My duties include requesting records from employers, reviewing and copying employer records, interviewing employees, speaking to managers and owners, and collecting and reviewing other relevant data relating to FLSA coverage and compliance.

3.      On January 13, 2022, an investigation of Akshay Hotels LLC was opened and assigned to me. The purpose of the investigation was to determine whether the establishment was in compliance with the FLSA and the regulations promulgated thereunder, including investigating

1

claims that employees worked at multiple locations but were paid on separate payrolls for hours worked at each location.

4.      On January 27, 2022, I called Akshay Hotel LLC and was referred to Akshay Hotels LLC's managing director, Pamela Hayward-Kelly. Hayward-Kelly provided me her email address and I sent by electronic mail an Appointment letter to Hayward-Kelly as Akshay Hotels LLC's managing director. A true and correct copy of this letter is attached hereto as Attachment 1. The letter outlined the initial investigation of Akshay Hotels LLC and requested documents that needed to be reviewed as part of the investigation.

5.      On February 16, 2022, I held an initial conference with Hayward-Kelly via the telephone. I requested certain business records related to the investigation of Akshay Hotels LLC. Hayward-Kelly provided a 1-page summary of hours for payroll check dated May 18, 2021, ownership information, and tax returns for Akshay Hotels LLC.

6.      During the course of my investigation, I learned the owners of Akshay Hotels LLC are Dilip Desai and Jayshri Desai, a husband-wife couple. I also learned that Dilip Desai and Jayshri Desai own other hotel businesses including Aditri Hotels LLC and Wise Hotels LLC.

7.      I continued my investigation and determined the physical location of Akshay Hotels LLC is 10610 Marty St Overland Park, KS 66212, it's mailing address is 8551 E. Blue Parkway, Kansas City, MO 64133, and its registered office address is 2913 W. 146th Street, Leawood, KS 66224. As to Aditri Hotels LLC, the physical location is 8551 E. Blue Parkway, Kansas City, MO 64133, its registered agent is Jayshri Desai, and its registered office is 8851 E. Blue Parkway, Kansas City, MO 64133. As to Wise Hotels LLC, the physical location is 221 E.

Exhibit A to Secretary's Petition
To Enforce Administrative Subpoena

Ash Street, Junction City, KS 66441, its registered agent is Jayshri Desai and its registered office is 221 E. Ash Street, Junction City, KS 66441.

8.      I also determined Akshay Hotels LLC does business as La Quinta Inn & Suites and/or La Quinta. Further, that Aditri Hotels LLC does business as Holiday Inn Express & Suites and/or Holiday Inn. Finally, that Wise Hotels LLC does business as Holiday Inn Express & Suites and/or Holiday Inn.

9.      From February 23, 2022 through March 18, 2022, I emailed and called Hayward-Kelly in an attempt to collect the requested records. I did not receive a response.

10.      On March 23, 2022, I caused a 72-Hour Letter to be sent to Akshay Hotels LLC by certified mail. The letter outlined the documents I needed for my investigation, including a list of employees, payroll and time records, birthdates for minors, information about employees who worked at multiple locations, company vehicles and a list of employees who drive company vehicles. A true and correct copy of this letter is attached hereto as Attachment 2. The certified letter was mailed to the physical address of Akshay Hotels LLC, 10610 Marty Street, Overland Park, KS. According to the certified mail receipt, the letter was received by Akshay Hotels LLC on March 26, 2022. This letter provided Akshay Hotels LLC with 72 hours to make the records available. I then called Hayward-Kelly on March 29, 2022, and left a message on her voicemail. Hayward-Kelly did not return my message and I did not receive any of the requested documents.

11.      I learned Wage and Hour Investigator ("WHI"), Dan Baker, visited Hayward-Kelly at her office located at 8551 E. Blue Parkway, Kansas City MO 64133. Hayward-Kelly confirmed she received the 72-Hour Letter and assured WHI Baker that she would provide the requested documents. I did not receive any of the requested documents.

12.     Because I had not received the requested documents, I requested a subpoena *duces tecum* be served on Akshay Hotels LLC. WHI Dan Baker personally served a subpoena on Akshay Hotels LLC at its physical address 10610 Marty Street, Overland Park, KS, on May 11, 2022. A true and correct copy of the subpoena and return of service is attached hereto as Attachment 3. The subpoena requested Akshay Hotels LLC provide documents identifying the owners, sales records, employee information, payroll and rate of pay information, work schedules and time records, tip pooling, and employment policies and procedures related to compensation and hours worked. The subpoena requested the documents be produced no later than May 12, 2022. I did not receive a response from Akshay Hotels LLC or any of the requested documents in response to this subpoena.

13.     Based on the scope of the inspection and the limited information I had collected, I suspected Akshay Hotels LLC, Aditri Hotels LLC, and Wise Hotels LLC, may be an Enterprise, as defined by the FLSA. To further investigate, I requested a second subpoena *duces tecum* to be delivered to Akshay Hotels LLC, and subpoenas *duces tecum* to be delivered to Aditri Hotels LLC, and Wise Hotels LLC.

14.     On September 6, 2022, WHI Dan Baker personally served a subpoena on Akshay Hotels LLC at their registered office address 2913 W. 146th Street, Leawood, KS 66224. A true and correct copy of the subpoena and return of service is attached hereto as letter is attached hereto as Attachment 4. The subpoena requested Akshay Hotels LLC to provide documents identifying the owners, sales records, employee information, payroll and rate of pay information, work schedules and time records, and records relating to employees who drive company vehicles. The subpoena requested the documents be produced no later than September 16, 2022.

15.     At the same time, WHI Dan Baker personally served a subpoena on Aditri Hotels LLC at its registered agent's address, 2913 W. 146th Street, Leawood, KS 66224. A true and correct copy of the subpoena and return of service is attached hereto as Attachment 5. The subpoena requested Aditri Hotels LLC to provide documents identifying the owners, sales records, employee information, payroll and rate of pay information, work schedules and time records, and records relating to employees who drive company vehicles. The subpoena requested the documents be produced no later than September 16, 2022.

16.     At the same time, WHI Dan Baker personally served a subpoena on Wise Hotels LLC at its registered agent's address, 2913 W. 146th Street, Leawood, KS 66224. A true and correct copy of the subpoena and return of service is attached hereto as Exhibit 6. The subpoena requested Wise Hotels LLC to provide documents identifying the owners, sales records, employee information, payroll and rate of pay information, work schedules and time records, and records relating to employees who drive company vehicles. The subpoena requested the documents be produced no later than September 16, 2022.

17.     Akshay Hotels LLC, Aditri Hotels LLC, and Wise Hotels LLC did not respond to the subpoenas by September 16, 2022. To date, Akshay Hotels LLC, Aditri Hotels LLC, and Wise Hotels LLC have not provided me or any other Wage and Hour representative with any documents in response to the subpoenas.

18.     The documents sought in the subpoenas are necessary to complete Wage and Hour's investigation and are essential to determining Akshay Hotels LLC, Aditri Hotels LLC, and Wise Hotels LLC's compliance with the FLSA.

Exhibit A to Secretary's Petition
To Enforce Administrative Subpoena

I certify under 28 U.S.C. § 1746 and pursuant to the laws of the State of Missouri that the preceding is true and correct.

Executed on this _____ day of October, 2022.

ERICA
SIMON

Digitally signed by
ERICA SIMON
Date: 2022.10.19
12:37:57 -05'00'

Erica Simon

6

Exhibit A to Secretary's Petition
To Enforce Administrative Subpoena



**UNITED STATES DEPARTMENT OF LABOR**
Wage and Hour Division
Springfield MO Field Office
901 St. Louis Street, Suite 305, Springfield MO 65806
913-689-3294 or 417-496-2987



January 27, 2022

La Quinta Inn & Suites
10610 Marty Street
Overland Park KS 66212

Transmitted via email: pamelakhayward@gmail.com

RE: Wage and Hour Division Investigation

Attention: General Manager Pamela Hayward-Kelly

The Wage and Hour Division (WHD) of the U.S. Department of Labor is responsible for administering and enforcing a number of federal labor laws, including the Fair Labor Standards Act (FLSA). This letter is to inform you of the agency's plans to visit your establishment by Teams video meeting or telephone call on **February 9, 2022** to determine your compliance with the FLSA. The enclosed pamphlet briefly describes the FLSA.

Authority for this investigation is contained in Section 11(a) of the FLSA.  Section 11(a) states:

> The Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter or which may aid in the enforcement of the provisions of this chapter.

I will visit your establishment by Teams video meeting or telephone call on **Wednesday February 9, 2022** at **8:00 am** to determine such compliance. The normal procedure is to hold an opening conference with a representative of the company, review certain records covering a two-year period, interview a representative number of employees, and hold a closing conference to discuss the results of the investigation.

In order to conduct the investigation with as little disruption to your business operations as possible, please have available for inspection on the above date, all documents providing the following information for the last two years **(February 2020 to February 2022)**, ending with your last completed payroll:

1. Legal name of the company and all other names used by the company (e.g., "Doing Business As" names).

2. Names, addresses, email addresses, and telephone numbers of all business owners and company officers (e.g., President, Treasurer, Secretary, Board of Directors and other Corporate Officers) along with a company organizational chart if you have one.

3. A listing of all other locations or similar businesses owned/operated.  Please include a breakdown of ownership, addresses, telephone numbers and dates of ownership/operation for each location.

4. Records, such as tax returns, demonstrating your gross annual dollar volume of sales (gross receipts) for all locations. Please provide these records for the past three years (2019, 2020 and 2021).

5. A list of all current and former employees employed during the period **February 2020 to February 2022,** along with their address, email address, telephone number (mobile and landline), hourly rate or salary, job title, shift, and whether you consider that employee exempt from overtime pay.

6. Payroll and time records for the past two years (February 2020 to February 2022), including a copy of the most recently completed payroll.

7. Birth dates for all employees under age 18 who worked during the past 24 months.

8. 1099 Forms and contract documents for any independent contractors, subcontractors or day laborers at this establishment.

9. Federal Employer Identification Number (FEIN) and DUNS/D&B number.

10. A listing of any employees that have worked at multiple locations in the same week if any.

11. A listing of any company vehicles driven by employees, including the make, model and GVWR (gross vehicle weight rating) for each vehicle.

12. A list of any employees who drive company vehicles.

We request that you make all of the listed documents available on the designated meeting date pursuant to the authority contained in Section 11(a) and (c) of the FLSA and in Title 29, Code of Federal Regulations, Part 516.

WHD prefers that you submit all records electronically through the WHD Portal.

| **Portal Access Information** |
| --- |
| Link: https://webapps.dol.gov/eup |
| Case ID: 1957069 |
| Zip Code: 66212 |

Section 15(a)(3) of the FLSA prohibits you from retaliating against any person who files a complaint with the Wage and Hour Division or who cooperates with a Wage and Hour Division investigation. The law also prohibits you from retaliating against your employees for accepting payment of any wages owed to them or from requiring your employee to return or decline payment of any wages owed to them.

I will make every effort to conduct this investigation expeditiously and with a minimum of inconvenience to you and your employees. However, please note that the list above is not intended to be an exhaustive or final list of records to be examined.

If you are unable to be present on the date and time indicated, you may designate a representative to act on your behalf. Should you or your representative be unable to attend the scheduled meeting, please notify me as soon as possible but no later than the preceding business day.

If you have any questions, please call me at 913-689-3294 or 417-496-2987

Sincerely,

Erica Simon
Wage & Hour Investigator

Enclosures/links:
Handy Reference Guide, FLSA: http://www.dol.gov/whd/regs/compliance/wh1282.pdf
Fact Sheet #44: https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs44.pdf
Fact Sheet #77A: https://www.dol.gov/sites/dolgov/files/WHD/legacy/files/whdfs77a.pdf
Records to be Kept by Employers: https://www.ecfr.gov/cgi-bin/retrieveECFR?gp=&SID=10f50877082f08568d40dbfeaf119853&mc=true&r=PART&n=pt29.3.516

**U.S. Department of Labor**     **Wage and Hour Division**
Gateway Tower II
400 State Avenue, Suite 1010
Kansas City, Kansas 66101
913-551-5721



March 22, 2022

Certified Mail No.:  7018 2290 0001 0162 8311
Case Number:        1957069

Akshay Hotels LLC
D/B/A: La Quinta Inn & Suites
10610 Marty Street
Overland Park, Kansas 66212
**Also sent via electronic mail to [pamelakhayward@gmail.com](mailto:pamelakhayward@gmail.com)**

Subject:  Wage and Hour Division Investigation of Akshay Hotels LLC D/B/A: La Quinta Inn & Suites

Attention: Dilip Desai (owner)
          Jayshri Desai (owner)
          Pamela Hayward-Kelly (Managing Director)

The Wage and Hour Division is responsible for administering and enforcing several federal laws involving labor standards. In this regard, Investigator Erica Simon has been assigned to conduct an investigation of **La Quinta Inn & Suites** under the Fair Labor Standards Act of 1938 (FLSA), to determine its compliance with the law.  In order for the Investigator to proceed, it is necessary that we examine certain records.

As this agency previously notified you, the authority of the Department of Labor to conduct such investigations is contained in section 11(a) of the FLSA, 29 U.S.C. § 211(a), which provides that:

> The Administrator or his designated representatives may investigate and gather data regarding the wages, hours, and other conditions and practices of employment in any industry subject to this chapter, and may enter and inspect such places and such records (and make such transcriptions thereof), question such employees, and investigate such facts, conditions, practices, or matters as he may deem necessary or appropriate to determine whether any person has violated any provision of this chapter or which may aid in the enforcement of the provisions of this chapter.

The Supreme Court of the United States has affirmed this authority. See Oklahoma Press Publishing Company v. Walling, 327 U.S. 186 (1946); Donovan v. Lone Steer Inc., 464 U.S. 408 (1984). The FLSA also provides for the issuance of subpoenas to support such investigations.

Federal regulations require employers to keep certain records available for inspection and transcription by the Wage and Hour Administrator or a duly authorized and designated representative. See 29 C.F.R. Part 516.  Records located off-site at a central recordkeeping office shall be made available within 72 hours, following notice from the Administrator or a duly authorized and designated representative. See 29 C.F.R. § 516.7. Sections 516.2(a) and 516.5(c) of the Code of Federal Regulations indicate the items that you are required to maintain and that may be inspected during the investigation. **Failure to comply with these regulations is a violation of the law.**

We requested the necessary records on 1/27/2022 in a written appointment letter, on 2/16/2022 verbally at our initial conference meeting, on 2/28/2022 verbally by telephone message at the Holiday Inn location and a written email, on 3/8/2022 verbally via a voicemail message, on 3/9/2022 via a voicemail and written email, on 3/10/2022 verbally via a voicemail and message at the Holiday Inn location and on 3/18/2022 verbally via voicemail and a written email.   You have failed to provide them.

On **March 24, 2022, at 10:00 AM,** you must make available for inspection at **U.S. Department of Labor Wage Hour, 400 State Avenue, Suite 1010, Kansas City Kansas 66101**, all records listed below providing the following information:

1. A list of all current and former employees employed during the period **February 2020 to February 2022,** along with their address, email address, telephone number (mobile and landline), hourly rate or salary, job title, shift, and whether you consider that employee exempt from overtime pay.

2. Payroll and time records for the past two years (February 2020 to February 2022), including a copy of the most recently completed payroll.

3. Birth dates for all employees under age 18 who worked during the past 24 months.

4. A listing of any employees that have worked at multiple locations in the same week and payroll records for all locations worked for those weeks.

5. A listing of any company vehicles driven by employees, including the make, model and GVWR (gross vehicle weight rating) for each vehicle.

6. A list of any employees who drive company vehicles.

WHD prefers that you submit all records electronically through the WHD Portal, or you may email them to simon.erica@dol.gov no later than 10:00 AM on March 24, 2022.

| **Portal Access Information** |
| --- |
| Link:    https://webapps.dol.gov/eup |
| Case ID:   1957069 |
| Zip Code:  66212 |

**Consider this your final written notice to submit the requested information to Investigator Erica Simon by 10:00 AM on March 24, 2022. You may contact Investigator Simon at (417) 496-2987 to discuss delivery of the documents requested.**

**Your failure to respond to this notice and/or otherwise provide the records requested may result in additional action, including the issuance of a subpoena, to secure the information relevant to this investigation.**

You should also be aware that section 15(a)(3) of the FLSA prohibits you from retaliating against any person who files a complaint with the Wage and Hour Division or who cooperates with a Wage and Hour Division investigation. The law also prohibits you from retaliating against your employees for accepting payment of any wages owed to them or from requiring your employees to return or decline payment of any wages owed to them.

The investigator will make every effort to conduct this investigation as expeditiously as possible and with a minimum of inconvenience to you and your employees. If you have any questions regarding the above, please contact me at (913) 689-3272.


Sincerely,

RICKY ROBINSON
Digitally signed by
RICKY ROBINSON
Date: 2022.03.22
08:59:06 -05'00'

Ricky Robinson
Assistant District Director



## U.S. Postal Service™
## CERTIFIED MAIL® RECEIPT
*Domestic Mail Only*

7018 2290 0000 0162 8311

For delivery information, visit our website at *www.usps.com®*.

**OFFICIAL USE**

Certified Mail Fee
$

Extra Services & Fees *(check box, add fee as appropriate)*
☐ Return Receipt (hardcopy)        $ _____
☐ Return Receipt (electronic)       $ _____
☐ Certified Mail Restricted Delivery  $ _____
☐ Adult Signature Required         $ _____
☐ Adult Signature Restricted Delivery $ _____

Postmark
Here

Postage
$

Total Postage and Fees
$

Sent To
*Street and Apt. No., or PO Box No.*
*City, State, ZIP+4®*

Dilip Desai, Jayshri, Pamela Hayward-Kelly

La Quinta Inn & Suites

10610 Marty Street

Overland Park, Kansas 66212

Case ID: 1957069

PS Form 3800, April 2015 PSN 7530-02-000-9047          See Reverse for Instructions

---

USPS TRACKING #

9590 9402 6458 0346 1034 13

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

**United States Postal Service**

• Sender: Please print your name, address, and ZIP+4® in this box•

> **U.S. DEPARTMENT OF LABOR**
> **WAGE & HOUR DISTRICT OFFICE**
> **GATEWAY TOWER II**
> **400 STATE AVE., SUITE 1010**
> **KANSAS CITY, KANSAS 66101**

*LaQuinta #1957069 72 Hour Letter (Simon)*

---



**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Dilip Desai, Jayshri, Pamela Hayward-Kelly
La Quinta Inn & Suites
10610 Marty Street
Overland Park, Kansas 66212

Case ID: 1957069

9590 9402 6458 0346 1034 13

2. Article Number *(Transfer from service label)*
7018 2290 0001 0162 8311

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X _____   ☐ Agent
                      ☐ Addressee

B. Received by *(Printed Name)*        C. Date of Delivery
C Quints                             3/26/22

D. Is delivery address different from item 1? ☐ Yes
   If YES, enter delivery address below.      ☐ No

RECEIVED
MAR 2 8 2022
DOL WAGE & HOUR DIVISION
KANSAS CITY
DISTRICT OFFICE

3. Service Type
☐ Adult Signature
☐ Adult Signature Restricted Delivery
☑ Certified Mail®
☐ Certified Mail Restricted Delivery
☐ Collect on Delivery
☐ Collect on Delivery Restricted Delivery
☐ Insured Mail
☐ Insured Mail Restricted Delivery (over $500)
☐ Priority Mail Express®
☐ Registered Mail™
☐ Registered Mail Restricted Delivery
☑ Signature Confirmation™
☐ Signature Confirmation Restricted Delivery

PS Form 3811, July 2020 PSN 7530-02-000-9053          Domestic Return Receipt

# UNITED STATES OF AMERICA
### DEPARTMENT OF LABOR
### WAGE AND HOUR DIVISION

**SUBPOENA DUCES TECUM**

To: Akshay Hotels LLC
10610 Marty Street
Overland Park, Kansas 66212

Pursuant to the Fair Labor Standards Act, 29 U.S.C §§ 209 and 211, you are hereby required to provide to Ricky Robinson, Assistant District Director, WAGE AND HOUR DIVISION, KANSAS CITY DISTRICT OFFICE, UNITED STATES DEPARTMENT OF LABOR, or his designee/representative, all books, papers, and other documents, as specifically described in the Attachment, by presenting such documents to the KANSAS CITY DISTRICT OFFICE Located at 400 State Avenue, Suite 1010, Kansas City, Kansas on May 12, 2022 at 2:00 pm or you can you submit all records electronically through the WHD Portal.

| **Portal Access Information** | |
|---|---|
| Link: | https://webapps.dol.gov/eup |
| Case ID: | 1957069 |
| Zip Code: | 66212 |

FAIL NOT AT YOUR PERIL



IN TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at Chicago, Illinois this___day of_____, 2022.

MICHAEL LAZZERI

Digitally signed by MICHAEL LAZZERI
Date: 2022.04.29 15:08:01 -05'00'

MICHAEL LAZZERI, REGIONAL ADMINISTRATOR
WAGE AND HOUR DIVISION
UNITED STATES DEPARTMENT OF LABOR

## ATTACHMENT to SUBPOENA

Aksahy Hotels LLC

**A. DEFINITIONS AND INSTRUCTIONS**

1. "La Quinta Inn & Suites " means Akshay Hotels LLC including its current and former officers, directors, employees, attorneys, representatives, agents, assigns, subsidiaries, and any predecessor or successor entities.

2. "Document" or "documents" shall mean all writings and recordings within the meaning of Rules 1001(a) and (b) of the Federal Rules of Evidence (i.e., "letters, words, or numbers, or their equivalent set down in any form" and "letters, words, or numbers, or their equivalent recorded in any manner"), however produced or reproduced, of every kind or description in La Quinta Inn & Suites possession, custody, or control, or within the custody or control of any agent, employee representative or other persons acting or purporting to act for or on behalf of La Quinta Inn & Suites, including notes; memoranda;  records, reports, correspondence; telefaxes and faxes; agreements or contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers;  transcripts or notes of conversations or meetings; minutes of meetings; statements; tabulations; text messages; instant message or messages from other electronic messaging software or applications; and all draft copies of such documents containing additional marks or notations not found on the originals.

3. "Person" is defined by 29 U.S.C. § 203(a) as: "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

4. "Relating to" or "reflecting," means stating, constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

5. "Worker" or "workers" includes individuals contracted, employed, hired, utilized, or retained by and/or who worked for La Quinta Inn & Suites.

6. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by this subpoena inclusive rather than exclusive.

7. "Including" shall be construed to mean "without limitation."

8. Unless otherwise specified, the time period covered by this subpoena is from February 1, 2020, to the date of production. Documents created prior to February 1, 2020, which have been used or relied on since February 1, 2020, or which describe legal duties which remain in effect after February 1, 2020 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

9.     If any document required to be produced pursuant to this subpoena is withheld because of a claim of privilege, identify with respect each such document the:

      a.    Specific privilege being asserted;
      b.    Nature of the document;
      c.    Author of the document and the date of preparation;
      d.    Recipients of the document or copies thereof; and
      e.    Subject matter of the document.

10.    If any document required to be produced pursuant to this subpoena has been destroyed, identify with respect to each such document the:

      a.    Date destroyed;
      b.    Method of destruction;
      c.    Reason for destruction;
      d.    Person or person(s) who authorized the destruction; and
      e.    Subject matter of the document destroyed.

## B.     DOCUMENTS TO BE PRODUCED

1.     Documents reflecting the names, addresses, and telephone numbers of each owner, corporate officer, and manager of La Quinta Inn & Suites.

2.     Documents reflecting the ownership interest (percentage of ownership) of each owner of La Quinta Inn & Suites.

3.     Documents identifying all branches and establishments, controlled by, or operating with La Quinta Inn & Suites.

4.     La Quinta Inn & Suites company organizational chart.

5.     Documents relating to the business structure of La Quinta Inn & Suites, including articles of incorporation, partnership records, membership records, and corporate filings with the Secretary of State.

6.     All federal and state income tax forms submitted and signed by or on behalf of La Quinta Inn & Suites, including all schedules, attachments, and worksheets.

7.     Documents – including monthly, quarterly, and annual records – stating the annual gross dollar volume of sales made or business done, or total volume of goods purchased or received, by La Quinta Inn & Suites.

8.     Documents reflecting the full name, last known addresses, and telephone numbers of each worker performing work for La Quinta Inn & Suites.

9.     Documents reflecting the dates of birth of each worker who was under the age of 18 during the time period described in Section A, Paragraph 8 of this Attachment.

10.    All documents stating the job descriptions, duties, and occupations of La Quinta Inn & Suites workers.

11.    Documents relating to workers treated as exempt from the minimum wage or overtime wage requirements under the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.*

12.    All contracts and agreements between La Quinta Inn & Suites and workers who La Quinta Inn & Suites considers to be independent contractors or subcontractors.

13.    All W-2 Forms and/or 1099 Forms distributed by La Quinta Inn & Suites to workers.

14.    All documents reflecting the rate of pay per worker, per pay period and any changes made to the rate of pay and applicable date(s) of the rate of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis for each worker.

15.    All documents reflecting the total gross wages paid per pay period for each worker, including payroll records, payroll ledgers, payroll journals, pay stubs, and check stubs.

16.    All documents relating to cash payments to workers.

17.    All documents reflecting schedules of work for workers.

18.    Documents reflecting each worker's starting and ending time and day for each workweek.  If the worker was part of a workforce or employed in or by an establishment whose workers have a workweek beginning at the same time on the same day, a single document noting the time of day and beginning day of the workweek for the whole workforce or establishment will suffice.

19.    All documents reflecting the hours worked each workday and total hours worked by workers each workweek, including timesheets, timecards, logs, journals, and diaries.

20.    All documents reflecting the total daily or weekly regular earnings or wages due for hours worked during each workday or workweek for each worker.

21.    All documents reflecting additions to, or deductions from, wages paid each pay period to each worker.

22.    All documents relating to tip credits taken by the La Quinta Inn & Suites for each worker.

23.    All documents reflecting the amount of tips received by workers.

24.    All documents relating to any tip-pooling arrangement, including notice given to workers.

25.     All documents relating to any tips contributed to any tip pool by each worker and distribution of said tips.

26.     All of La Quinta Inn & Suites employment policies and procedures related to compensation paid to workers and hours worked (or pieces completed) by workers, including supervisory procedures, recordkeeping procedures, compensation policies, disciplinary policies, and employee handbooks.

# RETURN OF SERVICE

I hereby certify that I served the subpoena directed to _____ on _____ by:

☐ hand delivering it to _____ ;

☐ hand-delivering it to _____ , who is: _____ ; is an individual of suitable age and discretion; and resides at _____ 's residence.

☐ hand-delivering it to _____ , who is an officer, managing agent, general agent, or other agent authorized by appointment or law to accept service of process on behalf of _____ and by mailing a copy of the subpoena to _____ .

☐ other: _____ .

_____
(Signature)

_____
(Name of person serving the subpoena)

_____
(Official Title)

_____
(Date)

## RETURN OF SERVICE

I hereby certify that I served the subpoena directed to _Akshay Hotels LLC_ on _05/11/2022_ by:

☐ hand delivering it to _____;

☐ hand-delivering it to _____, who is: _____; is an individual of suitable age and discretion; and resides at _____'s residence.

☒ hand-delivering it to _Robin Fotana_, who is an officer, managing agent, general agent, or other agent authorized by appointment or law to accept service of process on behalf of _Akshay Hotels, LLC_ and by mailing a copy of the subpoena to _Akshay Hotels LLC, 2913 W. 146ᵗʰ St, Leawood, KS 66224 on 05/09/2022._

☐ other: _____.

_____
(Signature)

_Daniel Baker_
(Name of person serving the subpoena)

_Wage Hour Investigator_
(Official Title)

_05/11/2022_
(Date)

# UNITED STATES OF AMERICA
### DEPARTMENT OF LABOR
### WAGE AND HOUR DIVISION

**SUBPOENA DUCES TECUM**

To: Akshay Hotels, LLC
   10610 Marty Street
   Overland Park, KS 66212

     Pursuant to the Fair Labor Standards Act, 29 U.S.C §§ 209 and 211, you are hereby required to provide to Ricky Robinson, Assistant District Director, WAGE AND HOUR DIVISION, KANSAS CITY DISTRICT OFFICE, UNITED STATES DEPARTMENT OF LABOR, or his designee/representative, all books, papers, and other documents, as specifically described in the Attachment, by presenting such documents to the KANSAS CITY DISTRICT OFFICE located at 2300 Main Street, Suite 10058, Kansas City, MO 64108 on September 16, 2022 at 10:00 a.m. or you can submit all records electronically through the WHD Portal on or before that same date.

| Portal Access Information | |
|---|---|
| Link: | https://webapps.dol.gov/eup |
| Case ID: | 1957069 |
| Zip Code: | 66212 |

FAIL NOT AT YOUR PERIL



IN TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at Chicago, Illinois this___day of_____ August, 2022.

**MICHAEL LAZZERI** Digitally signed by MICHAEL LAZZERI
Date: 2022.08.29 16:31:25 -05'00'

MICHAEL LAZZERI, REGIONAL ADMINISTRATOR
WAGE AND HOUR DIVISION
UNITED STATES DEPARTMENT OF LABOR

## ATTACHMENT to SUBPOENA

Akshay Hotels, LLC

**A.      DEFINITIONS AND INSTRUCTIONS**

1.      "La Quinta Inn and Suites" means Akshay Hotels, LLC dba La Quinta Inn & Suites, including its employees, attorneys, representatives, agents, assigns, subsidiaries, and any predecessor or successor entities.

2.      "Document" or "documents" shall mean all writings and recordings within the meaning of Rules 1001(a) and (b) of the Federal Rules of Evidence (i.e., "letters, words, or numbers, or their equivalent set down in any form" and "letters, words, or numbers, or their equivalent recorded in any manner"), however produced or reproduced, of every kind or description in Pamela Hayward's possession, custody, or control, or within the custody or control of any agent, employee representative or other persons acting or purporting to act for or on behalf of Pamela Hayward, including notes; memoranda;  records, reports, correspondence; telefaxes and faxes; agreements or contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers;  transcripts or notes of conversations or meetings; minutes of meetings; statements; tabulations; text messages; instant message or messages from other electronic messaging software or applications; and all draft copies of such documents containing additional marks or notations not found on the originals.

3.      "Person" is defined by 29 U.S.C. § 203(a) as: "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

4.      "Relating to" or "reflecting," means stating, constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

5.      "Worker" or "workers" includes individuals contracted, employed, hired, utilized, or retained by and/or who worked for La Quinta.

6.      The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by this subpoena inclusive rather than exclusive.

7.      "Including" shall be construed to mean "without limitation."

8.      Unless otherwise specified, the time period covered by this subpoena is from February 1, 2020, to the date of production. Documents created prior to February 1, 2020, which have been used or relied on since February 1, 2020, or which describe legal duties which remain in effect after February 1, 2020 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

9.      If any document required to be produced pursuant to this subpoena is withheld because of a claim of privilege, identify with respect each such document the:

a.  Specific privilege being asserted.
b.  Nature of the document.
c.  Author of the document and the date of preparation.
d.  Recipients of the document or copies thereof; and
e.  Subject matter of the document.

10.  If any document required to be produced pursuant to this subpoena has been destroyed, identify with respect to each such document the:

a.  Date destroyed.
b.  Method of destruction.
c.  Reason for destruction.
d.  Person or person(s) who authorized the destruction; and
e.  Subject matter of the document destroyed.

**B.  DOCUMENTS TO BE PRODUCED**

1.  Documents reflecting the names, addresses, and telephone numbers of each owner, corporate officer, and manager of La Quinta.

2.  Documents reflecting the ownership interest (percentage of ownership) of each owner of La Quinta.

3.  Documents identifying all branches and establishments, controlled by, or operating with La Quinta.

4.  Documents relating to the business structure of La Quinta, including articles of incorporation, partnership records, membership records, and corporate filings with the Secretary of State.

5.  All federal and state income tax forms submitted and signed by or on behalf of La Quinta, including all schedules, attachments, and worksheets.

6.  Documents – including monthly, quarterly, and annual records – stating the annual gross dollar volume of sales made or business done, or total volume of goods purchased or received, by La Quinta.

7.  Documents reflecting the full name, last known addresses, and telephone numbers of each worker performing work for La Quinta.

8.  Documents reflecting the dates of birth of each worker of La Quinta who was under the age of 18 during the time period described in Section A, Paragraph 8 of this Attachment.

9.  Documents relating to workers of La Quinta treated as exempt from the minimum wage or overtime wage requirements under the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.*

10.     All W-2 Forms and/or 1099 Forms distributed by La Quinta to workers.

11.     All documents reflecting the rate of pay per worker, per pay period and any changes made to the rate of pay and applicable date(s) of the rate of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis for each worker.

12.     All documents reflecting the total gross wages paid per pay period for each worker, including payroll records, payroll ledgers, payroll journals, pay stubs, and check stubs.

13.     All documents relating to cash payments to workers.

14.     All documents reflecting schedules of work for workers.

15.     Documents reflecting each worker's starting and ending time and day for each workweek. If the worker was part of a workforce or employed in or by an establishment whose workers have a workweek beginning at the same time on the same day, a single document noting the time of day and beginning day of the workweek for the whole workforce or establishment will suffice.

16.     All documents reflecting the hours worked each workday and total hours worked by workers each workweek, including timesheets, timecards, logs, journals, and diaries.

17.     All documents reflecting the total daily or weekly regular earnings or wages due for hours worked during each workday or workweek for each worker.

18.     All documents reflecting additions to, or deductions from, wages paid each pay period to each worker.

19.     All documents reflecting the names and/or positions of any workers who drove company vehicles and all documents reflecting the make, model, and GVWR (gross vehicle weight rating) for each vehicle.

# RETURN OF SERVICE

I hereby certify that I served the subpoena directed to _____ on
_____ by:

☐ hand delivering it to _____;

☐ hand-delivering it to _____, who is: _____; is an
individual of suitable age and discretion; and resides at _____'s residence.

☐ hand-delivering it to _____, who is an officer, managing agent, general
agent, or other agent authorized by appointment or law to accept service of process on behalf of
_____and by mailing a copy of the subpoena to
_____.

☐ other: _____.


_____
(Signature)

_____
(Name of person serving the subpoena)

_____
(Official Title)

_____
(Date)

# RETURN OF SERVICE

I hereby certify that I served the subpoena directed to *Akshay Hotels, LLC* on
*09/06/2022* by:

☐ hand delivering it to _____ ;

☒ hand-delivering it to *Payal Desai* , who is: *family member* ; is an
individual of suitable age and discretion; and resides at *Dilip Desai* 's residence.

☐ hand-delivering it to _____, who is an officer, managing agent, general
agent, or other agent authorized by appointment or law to accept service of process on behalf of
_____ and by mailing a copy of the subpoena to
_____ .


☐ other: _____ .


_____
(Signature)

*Dan Baker*
(Name of person serving the subpoena)

*NHI*
(Official Title)

*09/06/2022*
(Date)

# UNITED STATES OF AMERICA
### DEPARTMENT OF LABOR
### WAGE AND HOUR DIVISION

**SUBPOENA DUCES TECUM**

To:  Aditri Hotels, LLC
     8551 East Blue Parkway
     Kansas City, MO 64133


Pursuant to the Fair Labor Standards Act, 29 U.S.C §§ 209 and 211, you are hereby required to provide to Ricky Robinson, Assistant District Director, WAGE AND HOUR DIVISION, KANSAS CITY DISTRICT OFFICE, UNITED STATES DEPARTMENT OF LABOR, or his designee/representative, all books, papers, and other documents, as specifically described in the Attachment, by presenting such documents to the KANSAS CITY DISTRICT OFFICE located at 2300 Main Street, Suite 10058, Kansas City, MO 64108 on September 16, 2022 at 10:00 a.m. or you can submit all records electronically through the WHD Portal on or before that same date.

| **Portal Access Information** | |
|---|---|
| Link: | https://webapps.dol.gov/eup |
| Case ID: | 1957069 |
| Zip Code: | 66212 |


FAIL NOT AT YOUR PERIL



IN TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at Chicago, Illinois this___day of_____August, 2022.

## MICHAEL LAZZERI
Digitally signed by MICHAEL LAZZERI
Date: 2022.08.29 16:32:30 -05'00'

_____
MICHAEL LAZZERI, REGIONAL ADMINISTRATOR
WAGE AND HOUR DIVISION
UNITED STATES DEPARTMENT OF LABOR

## ATTACHMENT to SUBPOENA

Aditri Hotels, LLC

## A. DEFINITIONS AND INSTRUCTIONS

1. "Holiday Day Inn Express and Suites" means Aditri Hotels, LLC dba Holiday Inn Express & Suites, including its employees, attorneys, representatives, agents, assigns, subsidiaries, and any predecessor or successor entities.

2. "Document" or "documents" shall mean all writings and recordings within the meaning of Rules 1001(a) and (b) of the Federal Rules of Evidence (i.e., "letters, words, or numbers, or their equivalent set down in any form" and "letters, words, or numbers, or their equivalent recorded in any manner"), however produced or reproduced, of every kind or description in Pamela Hayward's possession, custody, or control, or within the custody or control of any agent, employee representative or other persons acting or purporting to act for or on behalf of Pamela Hayward, including notes; memoranda; records, reports, correspondence; telefaxes and faxes; agreements or contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers; transcripts or notes of conversations or meetings; minutes of meetings; statements; tabulations; text messages; instant message or messages from other electronic messaging software or applications; and all draft copies of such documents containing additional marks or notations not found on the originals.

3. "Person" is defined by 29 U.S.C. § 203(a) as: "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

4. "Relating to" or "reflecting," means stating, constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

5. "Worker" or "workers" includes individuals contracted, employed, hired, utilized, or retained by and/or who worked for Holiday Inn Express and Suites.

6. The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by this subpoena inclusive rather than exclusive.

7. "Including" shall be construed to mean "without limitation."

8. Unless otherwise specified, the time period covered by this subpoena is from February 1, 2020, to the date of production. Documents created prior to February 1, 2020, which have been used or relied on since February 1, 2020, or which describe legal duties which remain in effect after February 1, 2020 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

9. If any document required to be produced pursuant to this subpoena is withheld because of a claim of privilege, identify with respect each such document the:

a.    Specific privilege being asserted.
b.    Nature of the document.
c.    Author of the document and the date of preparation.
d.    Recipients of the document or copies thereof; and
e.    Subject matter of the document.

10.    If any document required to be produced pursuant to this subpoena has been destroyed, identify with respect to each such document the:

a.    Date destroyed.
b.    Method of destruction.
c.    Reason for destruction.
d.    Person or person(s) who authorized the destruction; and
e.    Subject matter of the document destroyed.

**B.    DOCUMENTS TO BE PRODUCED**

1.    Documents reflecting the names, addresses, and telephone numbers of each owner, corporate officer, and manager of Holiday Inn Express Suites.

2.    Documents reflecting the ownership interest (percentage of ownership) of each owner of Holiday Inn Express and Suites.

3.    Documents identifying all branches and establishments, controlled by, or operating with Holiday Inn Express and Suites.

4.    Documents relating to the business structure of Holiday Inn Express and Suites, including articles of incorporation, partnership records, membership records, and corporate filings with the Secretary of State.

5.    All federal and state income tax forms submitted and signed by or on behalf of Holiday Inn Express and Suites, including all schedules, attachments, and worksheets.

6.    Documents – including monthly, quarterly, and annual records – stating the annual gross dollar volume of sales made or business done, or total volume of goods purchased or received, by Holiday Inn Express and Suites.

7.    Documents reflecting the full name, last known addresses, and telephone numbers of each worker performing work for Holiday Inn Express and Suites.

8.    Documents reflecting the dates of birth of each worker of Holiday Inn Express and Suites who was under the age of 18 during the time period described in Section A, Paragraph 8 of this Attachment.

9.    Documents relating to workers of Holiday Inn Express and Suites treated as exempt from the minimum wage or overtime wage requirements under the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.*

10. All W-2 Forms and/or 1099 Forms distributed by Holiday Inn Express and Suites to workers.

11. All documents reflecting the rate of pay per worker, per pay period and any changes made to the rate of pay and applicable date(s) of the rate of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis for each worker.

12. All documents reflecting the total gross wages paid per pay period for each worker, including payroll records, payroll ledgers, payroll journals, pay stubs, and check stubs.

13. All documents relating to cash payments to workers.

14. All documents reflecting schedules of work for workers.

15. Documents reflecting each worker's starting and ending time and day for each workweek. If the worker was part of a workforce or employed in or by an establishment whose workers have a workweek beginning at the same time on the same day, a single document noting the time of day and beginning day of the workweek for the whole workforce or establishment will suffice.

16. All documents reflecting the hours worked each workday and total hours worked by workers each workweek, including timesheets, timecards, logs, journals, and diaries.

17. All documents reflecting the total daily or weekly regular earnings or wages due for hours worked during each workday or workweek for each worker.

18. All documents reflecting additions to, or deductions from, wages paid each pay period to each worker.

19. All documents reflecting the names and/or positions of any workers who drove company vehicles and all documents reflecting the make, model, and GVWR (gross vehicle weight rating) for each vehicle.

# RETURN OF SERVICE

I hereby certify that I served the subpoena directed to _____ on _____ by:

☐ hand delivering it to _____;

☐ hand-delivering it to _____, who is: _____; is an individual of suitable age and discretion; and resides at _____'s residence.

☐ hand-delivering it to _____, who is an officer, managing agent, general agent, or other agent authorized by appointment or law to accept service of process on behalf of _____and by mailing a copy of the subpoena to _____.


☐ other: _____.


_____
(Signature)

_____
(Name of person serving the subpoena)

_____
(Official Title)

_____
(Date)

# RETURN OF SERVICE

I hereby certify that I served the subpoena directed to _Aditri Hotels, LLC_ on ___09/06/2022___ by:

☐ hand delivering it to _____ ;

☒ hand-delivering it to _Payal Desai_, who is: _family member_ ; is an individual of suitable age and discretion; and resides at _Dilip Desai_ 's residence.

☐ hand-delivering it to _____, who is an officer, managing agent, general agent, or other agent authorized by appointment or law to accept service of process on behalf of _____ and by mailing a copy of the subpoena to _____ .

☐ other: _____

_____
(Signature)

_Dan Baker_
(Name of person serving the subpoena)

_NHI_
(Official Title)

_09/06/2022_
(Date)

# UNITED STATES OF AMERICA
### DEPARTMENT OF LABOR
### WAGE AND HOUR DIVISION

**SUBPOENA DUCES TECUM**

To: Wise Hotels, LLC
221 East Ash Street
Junction City, Kansas 66441


Pursuant to the Fair Labor Standards Act, 29 U.S.C §§ 209 and 211, you are hereby required to provide to Ricky Robinson, Assistant District Director, WAGE AND HOUR DIVISION, KANSAS CITY DISTRICT OFFICE, UNITED STATES DEPARTMENT OF LABOR, or his designee/representative, all books, papers, and other documents, as specifically described in the Attachment, by presenting such documents to the KANSAS CITY DISTRICT OFFICE located at 2300 Main Street, Suite 10058, Kansas City, MO 64108 on September 16, 2022 at 10:00 a.m. or you can you submit all records electronically through the WHD Portal on or before that same date.

| Portal Access Information | |
|---|---|
| Link: | https://webapps.dol.gov/eup |
| Case ID: | 1957069 |
| Zip Code: | 66212 |

FAIL NOT AT YOUR PERIL



IN TESTIMONY WHEREOF I have hereunto affixed my signature and the seal of the UNITED STATES DEPARTMENT OF LABOR at Chicago, Illinois this____day of_____August, 2022.

MICHAEL LAZZERI   Digitally signed by MICHAEL LAZZERI
Date: 2022.08.29 16:30:20 -05'00'
_____
MICHAEL LAZZERI, REGIONAL ADMINISTRATOR
WAGE AND HOUR DIVISION
UNITED STATES DEPARTMENT OF LABOR

## ATTACHMENT to SUBPOENA

Wise Hotels LLC

**A.     DEFINITIONS AND INSTRUCTIONS**

1.      "Holiday Day Inn Express and Suites" means Wise Hotels, LLC dba Holiday Inn Express & Suites, including its employees, attorneys, representatives, agents, assigns, subsidiaries, and any predecessor or successor entities.

2.      "Document" or "documents" shall mean all writings and recordings within the meaning of Rules 1001(a) and (b) of the Federal Rules of Evidence (i.e., "letters, words, or numbers, or their equivalent set down in any form" and "letters, words, or numbers, or their equivalent recorded in any manner"), however produced or reproduced, of every kind or description in Pamela Hayward's possession, custody, or control, or within the custody or control of any agent, employee representative or other persons acting or purporting to act for or on behalf of Pamela Hayward, including notes; memoranda;  records, reports, correspondence; telefaxes and faxes; agreements or contracts; accounting or financial records or worksheets; account books; journals; ledgers; bills; receipts; vouchers;  transcripts or notes of conversations or meetings; minutes of meetings; statements; tabulations; text messages; instant message or messages from other electronic messaging software or applications; and all draft copies of such documents containing additional marks or notations not found on the originals.

3.      "Person" is defined by 29 U.S.C. § 203(a) as: "an individual, partnership, association, corporation, business trust, legal representative, or any organized group of persons."

4.      "Relating to" or "reflecting," means stating, constituting, referring to, pertaining to, responding to, regarding, evidencing, explaining, discussing, depicting, analyzing, or containing any information which in any way concerns, affects, or describes the terms or conditions, or identifies facts, with respect to the subject of the inquiry.

5.      "Worker" or "workers" includes individuals contracted, employed, hired, utilized, or retained by and/or who worked for Holiday Inn Express and Suites.

6.      The terms "and" and "or" shall be construed conjunctively or disjunctively as necessary to make the documents required by this subpoena inclusive rather than exclusive.

7.      "Including" shall be construed to mean "without limitation."

8.      Unless otherwise specified, the time period covered by this subpoena is from February 1, 2020, to the date of production. Documents created prior to February 1, 2020, which have been used or relied on since February 1, 2020, or which describe legal duties which remain in effect after February 1, 2020 (such as contracts and trust agreements), shall be considered as included within the time period covered by this subpoena.

9.    If any document required to be produced pursuant to this subpoena is withheld because of a claim of privilege, identify with respect each such document the:

      a.    Specific privilege being asserted.
      b.    Nature of the document.
      c.    Author of the document and the date of preparation.
      d.    Recipients of the document or copies thereof; and
      e.    Subject matter of the document.

10.    If any document required to be produced pursuant to this subpoena has been destroyed, identify with respect to each such document the:

      a.    Date destroyed.
      b.    Method of destruction.
      c.    Reason for destruction.
      d.    Person or person(s) who authorized the destruction; and
      e.    Subject matter of the document destroyed.

## B.    DOCUMENTS TO BE PRODUCED

1.    Documents reflecting the names, addresses, and telephone numbers of each owner, corporate officer, and manager of Holiday Inn Express and Suites.

2.    Documents reflecting the ownership interest (percentage of ownership) of each owner of Holiday Inn Express and Suites.

3.    Documents identifying all branches and establishments, controlled by, or operating with Holiday Inn Express and Suites.

4.    Documents relating to the business structure of Holiday Inn Express and Suites, including articles of incorporation, partnership records, membership records, and corporate filings with the Secretary of State.

5.    All federal and state income tax forms submitted and signed by or on behalf of Holiday Inn Express and Suites, including all schedules, attachments, and worksheets.

6.    Documents – including monthly, quarterly, and annual records – stating the annual gross dollar volume of sales made or business done, or total volume of goods purchased or received, by Holiday Inn Express and Suites.

7.    Documents reflecting the full name, last known addresses, and telephone numbers of each worker performing work for Holiday Inn Express and Suites.

8.    Documents reflecting the dates of birth of each worker of Holiday Inn Express and Suites who was under the age of 18 during the time period described in Section A, Paragraph 8 of this Attachment.

9.     Documents relating to workers of Holiday Inn Express and Suites treated as exempt from the minimum wage or overtime wage requirements under the Fair Labor Standards Act of 1938, as Amended, 29 U.S.C. § 201 *et seq.*

10.     All W-2 Forms and/or 1099 Forms distributed by Holiday Inn Express and Suites to workers.

11.     All documents reflecting the rate of pay per worker, per pay period and any changes made to the rate of pay and applicable date(s) of the rate of pay by indicating the monetary amount paid on a per hour, per day, per week, per piece, commission on sales, or other basis for each worker.

12.     All documents reflecting the total gross wages paid per pay period for each worker, including payroll records, payroll ledgers, payroll journals, pay stubs, and check stubs.

13.     All documents relating to cash payments to workers.

14.     All documents reflecting schedules of work for workers.

15.     Documents reflecting each worker's starting and ending time and day for each workweek. If the worker was part of a workforce or employed in or by an establishment whose workers have a workweek beginning at the same time on the same day, a single document noting the time of day and beginning day of the workweek for the whole workforce or establishment will suffice.

16.     All documents reflecting the hours worked each workday and total hours worked by workers each workweek, including timesheets, timecards, logs, journals, and diaries.

17.     All documents reflecting the total daily or weekly regular earnings or wages due for hours worked during each workday or workweek for each worker.

18.     All documents reflecting additions to, or deductions from, wages paid each pay period to each worker.

19.     All documents reflecting the names and/or positions of any workers who drove company vehicles and all documents reflecting the make, model, and GVWR (gross vehicle weight rating) for each vehicle.

# RETURN OF SERVICE

I hereby certify that I served the subpoena directed to _____ on
_____ by:

☐ hand delivering it to _____;

☐ hand-delivering it to _____, who is: _____; is an
individual of suitable age and discretion; and resides at _____'s residence.

☐ hand-delivering it to _____, who is an officer, managing agent, general
agent, or other agent authorized by appointment or law to accept service of process on behalf of
_____and by mailing a copy of the subpoena to
_____.


☐ other: _____.



_____
(Signature)

_____
(Name of person serving the subpoena)

_____
(Official Title)

_____
(Date)

# RETURN OF SERVICE

I hereby certify that I served the subpoena directed to _____ *Wise LLC* _____ on _____ 09/06/2022 _____ by:

☐ hand delivering it to _____ ;

☒ hand-delivering it to _____ *Payal Desai* _____ , who is: _____ *family member* _____ ; is an individual of suitable age and discretion; and resides at _____ *Dilip Desai* _____ 's residence.

☐ hand-delivering it to _____ , who is an officer, managing agent, general agent, or other agent authorized by appointment or law to accept service of process on behalf of _____ and by mailing a copy of the subpoena to _____ .

☐ other: _____ .

_____
(Signature)

_____ *Dan Baker* _____
(Name of person serving the subpoena)

_____ *UHI* _____
(Official Title)

_____ *09/06/2022* _____
(Date)